# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD EVES, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE ADVANCED INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 2:22-cv-04112<br><br>(Removed from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, Case No. 220901171) |

## NOTICE OF REMOVAL

Defendant Progressive Advanced Insurance Company ("Progressive") hereby removes the above-captioned action from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division, pursuant to 28 U.S.C. §§ 1441 and 1446.  Removal is proper on the following grounds:

1. This is a coverage dispute concerning whether Plaintiff and "named insureds or insureds under policies issued by the defendant, Progressive, who were injured in motor vehicle accidents as a result of the negligence of an uninsured or an underinsured motorist but who were denied uninsured and/or underinsured motorist benefits by reason of the household/regular use exclusion" are entitled to coverage.  (Compl. ¶ 23.)

2. Plaintiff Donald Eves commenced this action in the Court of Common Pleas of Philadelphia County by filing the Complaint on or about September 14, 2022.  Progressive was served with the Complaint on September 16, 2022.

3. On or about July 27, 2020, Plaintiff alleges that he was driving a motorcycle when he was hit by a vehicle driven by Kersten Marie Pratt (the "Accident"). Plaintiff further alleges that he received multiple serious injuries from the Accident. (Compl. ¶ 88.)

4. This case involves a dispute over the availability of uninsured motorist benefits to Plaintiff for the injuries he sustained as a result of the Accident under a Pennsylvania motor home insurance policy issued by Progressive (the "Policy"). Plaintiff alleges Progressive's denial of coverage violated Pennsylvania law. (Compl. ¶¶ 69, 96, 107, 125.)

5. Plaintiff seeks a declaration of coverage under the Policy and compensatory relief in the form of uninsured motorist benefits. Progressive denies Plaintiff's allegations and denies any liability to Plaintiff.

## I. This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.

6. Federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

### A. Complete Diversity Exists.

7. Plaintiff alleges that he is a citizen of the Commonwealth of Pennsylvania, currently residing in Florida. (Compl. ¶ 1.)

8. Progressive is a corporation organized under the laws of the State of Ohio and has its principal place of business in Mayfield Village, Ohio. (Compl. ¶ 2.) Progressive is therefore a citizen of the State of Ohio.

9. Complete diversity exists between the parties.

B.     **The Amount in Controversy Exceeds $75,000.**

10.    While Progressive admits no liability to Plaintiff, the Complaint seeks: (a) a declaration that the Policy provides uninsured motorist benefits; and (b) damages for amounts allegedly due to Plaintiff under the Policy.

11.    The limit of liability for uninsured motorist coverage under the Policy is $250,000.00.  (Compl. ¶¶ 14, 52, 78.)

12.    Plaintiff alleges that he sustained serious and permanent injuries in the Accident. (Compl. ¶¶ 10, 86.) Plaintiff alleges that his injuries include: (1) "numerous abrasions and contusions", (2) "left metacarpal base fracture of wrist requiring surgery", (3) "sprain to the left wrist", (4) "traumatic laceration to the right knee requiring non-dissolving stitches", (5) "pulmonary contusions", (6) "injury/continuing pain in ribs", and (7) "injuries to his nerves and nervous system." (*Id.* at ¶ 88.) Plaintiff also attached photographs that depict the injuries he allegedly sustained from the Accident. (Compl. Ex. B).

13.    Plaintiff alleges that he is entitled to recover up to $250,000.00 in uninsured motorist benefits.  (Compl. ¶¶ 65, 93.)

14.    As stated in a demand letter to Progressive, Plaintiff believes he is entitled to more than $125,000.00 in medical expenses under the Policy relating to the Accident.

15.    Because the disputed amount of compensatory damages alone exceeds $75,000, the amount in controversy requirement is satisfied.  *See* 28 U.S.C. § 1446(c)(2).

II.    **Progressive Has Satisfied the Procedural Requirements for Removal.**

16.    Progressive was served with the Complaint on September 16, 2022.  This Notice of Removal is timely filed within 30 days of that date.

17.    Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts original jurisdiction over claims where the matter in

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

18. Venue is proper in this Court because the Court of Common Pleas of Philadelphia County is located within the Eastern District of Pennsylvania, Philadelphia Division. *See* 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and filed with the Court of Common Pleas of Philadelphia County.

20. The undersigned counsel has read the foregoing and signs this Notice pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

21. A copy of the Complaint and all other pleadings served to date are attached hereto as Exhibit A.

This 13th day of October, 2022.

*/s/ Kymberly Kochis*
Kymberly Kochis (Pa. Bar No. 319846)
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone: (212) 389-5068
Facsimile: (212) 389-5099
kymkochis@eversheds-sutherland.com

**Attorneys for Defendant**
**PROGRESSIVE ADVANCED**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on October 13, 2022, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, and copies were served on the following attorneys of record by United States Mail, first class postage prepaid, and by email, addressed as follows:

James C. Haggerty
HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
1835 Market Street, Suite 2700
Philadelphia, PA 19103
jhaggerty@hgsklawyers.com

Jonathan Shub
Kevin Laukaitis
SHUB LAW FIRM
134 Kings Highway East, 2nd Floor
Haddonfield, NJ 08033
jshub@shublawyers.com
klaukaitis@shublawyers.com

Scott Cooper
SCHMIDT KRAMER P.C.
209 State Street
Harrisburg, PA 17101
scooper@schmidtkramer.com

Jack Goodrich
JACK GOODRICH & ASSOCIATES
429 Fourth Avenue
Pittsburgh, PA 15219
jack@goodrichpc.com

*/s/ Kymberly Kochis*
Kymberly Kochis